IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| WELLGEN STANDARD, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:18-cv-00275 ) |
| MAXIMUM LEGAL HOLDINGS, LLC, MAXIMUM LEGAL, LLC, MAXIMUM LEGAL SERVICES, LLC, MAXIMUM LEGAL STAFFING, LLC, MAXIMUM LEGAL (FLORIDA), PLLC, MAXIMUM LEGAL (UTAH) LLC, MAXIMUM LEGAL (ARIZONA), LLC, JOSEPH MARTIN BARRETT and TODD D. WAKEFIELD, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MOTION TO STRIKE ANSWER, COUNTER-CLAIM AND CROSS-CLAIM FILED BY PHILIP LAYFIELD**

Comes now the Plaintiff, Wellgen Standard, LLC ("Wellgen"), and hereby moves the Court to strike the Answer, Counter-Claim and Cross-Claim (Docket No. 43) filed by Mr. Philip Layfield ("Mr. Layfield"). In support of this motion, Wellgen states as follows:

**I. INTRODUCTION**

1. On October 18, 2018, Mr. Layfield filed an Answer, Counter-Claim and Cross-Claim. (Docket No. 43) Wellgen did not name Mr. Layfield as a party defendant in this action, and Mr. Layfield has not moved to intervene. Instead, Mr. Layfield claims that he is the "successor-in-interest" to Maximum Legal Holdings, LLC and Maximum Legal Services, LLC (collectively, "Maximum Legal"), and, therefore, a "defendant" in this action. Mr. Layfield offers

no explanation or support for the claim that he is the "successor in interest" to Maximum Legal or how that would make him a defendant in this action.

2. As set forth below, on May 21, 2018, an involuntary bankruptcy petition was filed against Mr. Layfield and a Chapter 7 trustee has been appointed in Mr. Layfield's bankruptcy case. Under 11 U.S.C. § 541, any counter-claims and/or cross-claims that Mr. Layfield may have are property of his bankruptcy estate, and, under 11 U.S.C. § 323(b), only Mr. Layfield's Chapter 7 trustee has standing to file an answer, counter-claim or cross-claim in this or any other action. Moreover, if, as Mr. Layfield claims, he were a defendant in this action, this action would be stayed as to Mr. Layfield under 11 U.S.C. § 362(a). Thus, Wellgen asks that this Court strike Mr. Layfield's Answer, Counter-Claim and Cross-Claim.

## II. BACKGROUND

3. On May 18, 2018, the California State Bar Court entered its Decision and Order of Involuntary Inactive Enrollment disbarring Mr. Layfield due to his misappropriation of more than $3,400,000.00 in client funds (the "State Bar Court Order"). A copy of the State Bar Court Order is attached as Exhibit A. Mr. Layfield had 60 days to file a petition for review of the State Bar Court Order with the California Supreme Court. *See* Cal. Bus. & Prof. Code § 6083(a). Mr. Layfield did not file such a petition, and, therefore, the State Bar Court's decision is final. *See* Cal. Bus. & Prof. Code § 6084(a).

4. On March 9, 2018, Mr. Layfield was indicted by a grand jury for, among other things, mail fraud and money laundering. *U.S. v. Layfield*, 2-18-cr-00124-MWF, (C.D. Cal. 2018) (Docket No. 6). A copy of the grand jury indictment is attached as Exhibit B. Mr. Layfield was recently released on bail and is awaiting trial.

5. On May 21, 2018, and pursuant to 11 U.S.C. § 303, Wellgen and two (2) other creditors filed an involuntary petition for relief against Mr. Layfield under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court in the Central District of California ("Mr. Layfield's Bankruptcy"). *In re Layfield*, Case No. 2:18-bk-15829-NB (Bankr. C.D. Cal. 2018). A copy of the Involuntary Petition is attached hereto as Exhibit C.

6. On May 23, 2018, Wellgen moved for the appointment of an interim trustee pursuant to 11 U.S.C. § 303(g) ("Wellgen's Motion for Appointment of Trustee"). (Mr. Layfield's Bankruptcy, Docket No. 5.) Section 303(g) provides for the appointment of an interim trustee after the filing of an involuntary petition and before the entry of the order for relief if necessary to preserve property of the estate or to prevent loss to the estate. 11 U.S.C. § 303(g).

7. On May 30, 2018, the Bankruptcy Court entered its order granting Wellgen's Motion for Appointment of Trustee. (Mr. Layfield's Bankruptcy, Docket No. 13.) A copy of the Bankruptcy Court's order is attached hereto as Exhibit D.

8. On June 8, 2018, Mr. Wesley H. Avery (the "Trustee") was appointed the Chapter 7 Trustee in Mr. Layfield's Bankruptcy. (Mr. Layfield's Bankruptcy, Docket No. 15.) A copy of the Trustee's appointment is attached hereto as Exhibit E.

### III. ARGUMENT

#### A. Mr. Layfield Lacked Standing to File the Answer, Counter-Claim and Cross-Claim.

9. Mr. Layfield lacked standing to file the Answer, Counter-Claim and Cross-Claim or any other claim. Upon filing the Involuntary Petition, any claims or causes of action that Mr. Layfield may have had became property of Mr. Layfield's bankruptcy estate. 11 U.S.C. § 541(a)(1) (the commencement of a case under Section 303 "creates an estate," which is comprised of "all legal or equitable interests of the debtor in property"); *see, e.g., Turner v. Cook*,

3

4847-2529-4202.1
Case 3:18-cv-00275 Document 44 Filed 11/02/18 Page 3 of 7 PageID #: 1903

362 F.3d 1219, 1225–26 (9th Cir. 2004) (property of the bankruptcy estate includes all "legal or equitable interests," including a debtor's causes of actions"); *Tyler v. DH Capital Mgmt., Inc.*, 736 F.3d 455, 462 (6th Cir. 2013) (same).

10. Only the Trustee has standing to prosecute causes of action that are property of Mr. Layfield's bankruptcy estate including, but not limited to, the causes of action that Mr. Layfield purports to assert in the Answer, Counter-Claim and Cross-Claim. *See* 11 U.S.C. § 323(b). The Trustee is the legal representative of Mr. Layfield's bankruptcy estate and only the Trustee has the capacity to sue and be sued. *Id.*; *see, e.g.*, *Estate of Spirtos v. One San Bernardino County Superior Court Case Numbered SPR 02211*, 443 F.3d 1172, 1175 (9th Cir. 2006) (bankruptcy trustee is vested with the ***exclusive*** power to raise legal claims on behalf of the estate); *Husvar v. Rapoport*, 430 F.3d 777, 780 (6th Cir. 2005) (same); *Stevenson v. J.C. Bradford & Co. (In re Cannon)*, 277 F.3d 838, 853 (6th Cir. 2002) (same).

11. In *Bauer v. Commerce Union Bank*, the Sixth Circuit Court of appeals explained:

> It is equally clear that the trustee in bankruptcy acts as representative of the estate. It is the trustee who "has capacity to sue and be sued." 11 U.S.C. § 323(b). *See also* Bankr. P. R. 6009. "It is well settled that the right to pursue causes of action formerly belonging to the debtor—a form of property 'under the Bankruptcy Code'—vests in the trustee for the benefit of the estate." *Jefferson v. Mississippi Gulf Coast YMCA*, 73 B.R. 179, 181–82 (S.D. Miss. 1986). ***The debtor has no standing to pursue such causes of action***.

859 F.3d 438, 441 (6th Cir. 1988).

### B. Mr. Layfield's Filing of the Answer, Counter-Claim and Cross-Claim Violated the Automatic Stay.

12. Mr. Layfield's filing of the Answer, Counter-Claim and Cross-Claim constitutes a blatant violation of the automatic stay provided for in 11 U.S.C. § 362(a)(3). Under Section 362(a)(3), the filing of the Involuntary Petition stayed all actions to exercise control over property of the bankruptcy estate. By filing the Answer, Counter-Claim and Cross-Claim, Mr. Layfield is

4

4847-2529-4202.1
Case 3:18-cv-00275   Document 44   Filed 11/02/18   Page 4 of 7 PageID #: 1904

attempting to exercise control over property of Mr. Layfield's bankruptcy estate in violation of Section 362(a)(3).  *See, e.g., In re Pace*, 159 B.R. 890, 899-900 (9th Cir. BAP 1993) (debtor's assertion of claim that were property of the debtor's bankruptcy estate violated the automatic stay); *Maloof v. Level Propane, Inc*., 429 Fed.Appx. 462, 468 (6th Cir. 2011) (debtor's shareholder and former CEO violated the automatic stay by asserting a cause of action that belonged to the debtor's estate).

      13.     As the Bankruptcy Court for the Southern District of Ohio explained:

> The automatic stay prohibits, among other things, the "exercise [of] control over property of the estate [.]" 11 U.S.C. § 362(a)(3). Section 362(a)(3)'s reference to "property of the estate" includes "interests of the debtor in property" as of the commencement of the bankruptcy case. 11 U.S.C. § 541(a)(1). As the Sixth Circuit has recognized, "it is well established that 'interests of the debtor in property' include 'causes of action[,]'" *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir.1988), making causes of action existing as of the commencement of the bankruptcy case property of the estate under § 541(a)(1).  And as the Sixth Circuit also has pointed out, "[i]t is well settled that the right to pursue causes of action formerly belonging to the debtor—a form of property 'under the Bankruptcy Code'—vests in the trustee for the benefit of the estate." *Bauer*, 859 F.2d at 441 (internal quotation marks omitted). ***The trustee has the exclusive right to assert those causes of action, and any person other than the trustee who asserts them violates the stay.  *In short, § 362(a)(3) establishes a clear line that parties may not cross*.***

*In re Nicole Gas Production, Ltd*., 519 B.R. 723, (Bankr. S.D. 2014) (internal citations omitted).

      14.     Because Mr. Layfield filed the Answer, Counter-Claim and Cross-Claim in violation of the automatic stay, it is a nullity.  Legal proceedings in violation of the automatic stay are void.  *See, e.g., Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1082 (9th Cir.2000) ("actions taken in violation of the automatic stay are void"); *Easley v. Pettibone Mich. Corp*., 990 F.2d 905, 911 (6th Cir.1993) (actions taken in violation of automatic stay are void

5

4847-2529-4202.1
Case 3:18-cv-00275   Document 44   Filed 11/02/18   Page 5 of 7 PageID #: 1905

absent equitable circumstances); *In re Johnson*, 548 B.R. 770, 798 (Bankr. S.D. Ohio (2016) (holding arbitration award in arbitration proceeding that violated the automatic stay void).

## IV. CONCLUSION

15. Due to the pendency of Mr. Layfield's Bankruptcy and the automatic stay, Wellgen cannot seek to dismiss or otherwise address the merits of Mr. Layfield's Answer, Counter-Claim and Cross-Claim without violating the automatic stay. Thus, Wellgen prays that this Court strike Mr. Layfield's Answer, Counter-Claim and Cross-Claim, without prejudice to the Trustee and/or Mr. Layfield's bankruptcy estate, and that this Court grant such further relief as it deems just and proper.

DATED: November __, 2018.

                           Respectfully submitted,

                           BRADLEY ARANT BOULT CUMMINGS, LLP

                           By:   /s/ Austin McMullen
                                Roger G. Jones (No. 11550)
                                Austin McMullen (No. 20877)
                                1600 Division Street, Suite 700
                                P.O. Box 340025
                                Nashville, Tennessee 37203
                                (615) 252-2323
                                Fax (615) 252-6323
                                rjones@bradley.com
                                amcmullen@bradley.com

                                Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

   I hereby certify that I have caused a true and correct copy of the foregoing to be served electronically, through the Court's CM/ECF system, to all parties consenting to such service and by U.S. Mail, postage pre-paid, to the following on this the ____ day of November, 2018:

| | |
|---|---|
| William B. Hicky<br>William B. Hicky, Attorney at Law<br>3102 West End Avenue, Suite 400<br>Nashville, TN 37203 | Maximum Legal Holdings, LLC<br>Universal Registered Agents, Inc.<br>12 Timber Creek Lane<br>Newark, DE 19711 |
| Maximum Legal, LLC<br>Universal Registered Agents, Inc.<br>12 Timber Creek Lane<br>Newark, DE 19711 | Maximum Legal Services, LLC<br>A Registered Agent, Inc.<br>8 The Green, Suite A<br>Dover, DE 19901 |
| Maximum Legal Staffing, LLC<br>Universal Registered Agents, Inc.<br>12 Timber Creek Lane<br>Newark, DE 19711 | Maximum Legal (Florida), PLLC<br>Universal Registered Agents, Inc.<br>3458 Lakeshore Drive<br>Tallahassee, FL 32312 |
| Maximum Legal (Utah), LLC<br>Universal Registered Agents, Inc.<br>2778 W. Shady Bend Lane<br>Lehi, UT 84043 | Maximum Legal (Arizona), LLC<br>Universal Registered Agents, Inc.<br>300 W. Clarendon Avenue, Suite 2<br>Phoenix, AZ 85013 |
| Todd D. Wakefield<br>7984 South 1300 East<br>Sandy, UT 84094 | Damion Robinson<br>Affeld Grivakes LLP<br>2049 Century Park East<br>Suite 2460<br>Los Angeles, CA 90067 |
| Philip J. Layfield<br>c/o Maximum Legal Holdings, LLC<br>8 The Green<br>Suite 6426<br>Dover, Delaware 19901 | |

            /s/ Austin McMullen
            Austin McMullen