MAY 18 2018
STATE BAR COURT
CLERK'S OFFICE
LOS ANGELES

**PUBLIC MATTER**

## STATE BAR COURT OF CALIFORNIA

### HEARING DEPARTMENT – LOS ANGELES

| | |
|---|---|
| In the Matter of<br><br>PHILIP JAMES LAYFIELD,<br><br>A Member of the State Bar, No. 204836. | Case Nos. 17-O-04140 (17-O-04198; 17-O-04754)-YDR<br><br>DECISION AND ORDER OF INVOLUNTARY INACTIVE ENROLLMENT |

    Respondent Philip James Layfield (Respondent) was charged with 12 counts of violations of the Rules of Professional Conduct and the Business and Professions Code.[1] He failed to appear at the trial of this case and his default was entered. The Office of Chief Trial Counsel (OCTC) filed a petition for disbarment under rule 5.85 of the Rules of Procedure of the State Bar.[2]

    Rule 5.85 provides the procedure to follow when an attorney fails to appear at trial after receiving adequate notice and opportunity. The rule provides that, if an attorney's default is entered for failing to appear at trial and the attorney fails to have the default set aside or vacated

---

[1] Unless otherwise indicated, all further references to section(s) refer to provisions of the Business and Professions Code.

[2] Unless otherwise indicated, all references to rules are to this source.

within 45 days, OCTC will file a petition requesting the court to recommend the attorney's disbarment.[3]

In the instant case, the court concludes that the requirements of rule 5.85 have been satisfied and, therefore, grants the petition and recommends that Respondent be disbarred from the practice of law.

## FINDINGS AND CONCLUSIONS

Respondent was admitted to practice law in California on December 7, 1999, and has been a member since then.

**Procedural Requirements Have Been Satisfied**

On September 26, 2017, OCTC properly filed and served a First Amended Notice of Disciplinary Charges (NDC) on Respondent. The NDC notified Respondent that his failure to appear at the State Bar Court trial would result in a disbarment recommendation.

Respondent filed a response to the NDC on October 31, 2017.

At a status conference on December 21, 2017, the trial was set to start on January 24, 2018. The December 21, 2017 order setting the trial date was served on Respondent at his membership records address by first-class mail, postage paid. (Rule 5.81(A).)

On January 24, 2018, OCTC appeared for trial but Respondent did not.

Finding that all of the requirements of rule 5.81(A) were satisfied, the court entered Respondent's default by order filed January 24, 2018. The order notified Respondent that, if he did not timely move to set aside his default, the court would recommend his disbarment. The order also placed Respondent on involuntary inactive status under section 6007, subdivision (e),

---

[3] If the court determines that any due process requirements are not satisfied, including adequate notice to the attorney, it must deny the petition for disbarment and take other appropriate action to ensure that the matter is promptly resolved. (Rule 5.85(F)(2).)

2

Case 3:18-cv-00275   Document 44-1   Filed 11/02/18   Page 2 of 8 PageID #: 1909

effective three days after service of the order, and he has remained inactively enrolled since that time.

Respondent did not seek to have his default set aside or vacated. (Rule 5.83(C)(2) [attorney has 45 days after order entering default is served to file motion to set aside default].)

On March 21, 2018, OCTC properly filed and served the petition for disbarment on Respondent at his official membership records address. As required by rule 5.85(A), OCTC reported in the petition that: (1) there has been no contact with Respondent since his default was entered, except in connection with Respondent's inquiries whether OCTC would stipulate to setting aside his default and whether OCTC would grant him a 30-day extension to file a motion to set aside the default, in two separate emails from Respondent through his wife dated March 9, 2018;[4] (2) there are 91 investigations pending against Respondent; (3) Respondent has no record of prior discipline; and (4) the Client Security Fund (CSF) has not paid any claims as a result of Respondent's misconduct.

Respondent has not responded to the petition for disbarment or moved to set aside or vacate the default.[5] The case was submitted for decision on April 25, 2018.

**The Admitted Factual Allegations Warrant the Imposition of Discipline**

Upon entry of Respondent's default, the factual allegations in the NDC are deemed admitted and no further proof is required to establish the truth of such facts. (Rule 5.82.) As set forth below in greater detail, the factual allegations in the NDC support the conclusion that

---

[4] OCTC declined Respondent's requests. In the email, Respondent stated that he was "aware that a default was entered" against him. On February 23, 2018, Respondent was arrested in New Jersey for mail fraud. When he sent the two emails to OCTC, he was under the custody of the U.S. Marshal.

[5] The court received a letter from Respondent on March 21, 2018. But because it did not meet filing requirements, the letter was not filed and is not considered part of the record of this proceeding.

Respondent is culpable as charged and, therefore, violated a statute, rule or court order that would warrant the imposition of discipline. (Rule 5.85(F)(1)(d).)

**Case No. 17-O-04140 (Casas Matter)**

Count 1 – Respondent willfully violated rule 4-100(A) of the Rules of Professional Conduct (failure to maintain client funds in trust account) by failing to maintain a balance of $360,000 on behalf of Patricia Casas, Issac Cassas, and their lienholders in a client trust account.

Count 2 – Respondent willfully violated section 6106 (moral turpitude, dishonesty, or corruption) by intentionally misappropriating client funds of $359,942.15 between February 23 and June 20, 2017, that the clients and their lienholders were entitled to receive.

Count 3 – Respondent willfully violated rule 4-100(B)(3) of the Rules of Professional Conduct (failure to render accounts of client funds) by failing to provide an accounting regarding the $600,000 settlement funds upon termination of employment on March 30, 2017.

Count 4 – Respondent willfully violated rule 4-100(B)(4) of the Rules of Professional Conduct (failure to promptly pay funds to client) by failing, upon the clients' request, to promptly pay any portion of the $360,000 to Patricia Casas, Issac Cassas, or their lienholders.

**Case No. 17-O-04198 (Pimentel Matter)**

Count 5 – Respondent willfully violated rule 4-100(A) of the Rules of Professional Conduct by failing to maintain a balance of $742,500 on behalf of Rodney A. Pimentel and his lienholders in a client trust account.

Count 6 – Respondent willfully violated section 6106 by intentionally misappropriating client funds of $742,442.15 between February 24 and June 20, 2017, that the client and his lienholders were entitled to receive.

Count 7 – Respondent willfully violated rule 4-100(B)(3) of the Rules of Professional Conduct by failing to provide an accounting regarding the $1.35 million settlement funds upon the client's multiple demands between April and June 2017.

Count 8 – Respondent willfully violated rule 4-100(B)(4) of the Rules of Professional Conduct by failing, upon the client's multiple requests, to promptly pay any portion of the $742,500 to Pimentel or his lienholders.

**Case No. 17-O-04754 (Nguyen Matter)**

Count 9 – Respondent willfully violated rule 4-100(A) of the Rules of Professional Conduct by failing to maintain a balance of $2.315 million on behalf of Josephine Nguyen and her lienholders in a client trust account.

Count 10 – Respondent willfully violated section 6106 by intentionally misappropriating client funds of $2,314,942.15 between August 29, 2016, and June 20, 2017, that the client and her lienholders were entitled to receive.

Count 11 – Respondent willfully violated rule 4-100(B)(3) of the Rules of Professional Conduct by failing to provide an accounting regarding the $3.9 million settlement funds upon termination of employment on June 22, 2017.

Count 12 – Respondent willfully violated rule 4-100(B)(4) of the Rules of Professional Conduct by failing, upon the client's request on June 22, 2017, to promptly pay any portion of the $2.315 million to Nguyen, her new attorney, or her lienholders.

**Disbarment Is Recommended**

Based on the above, the court concludes that the requirements of rule 5.85(F) have been satisfied and Respondent's disbarment is recommended. In particular:

(1) The NDC was properly served on Respondent under rule 5.25.

(2) Respondent had actual notice of this proceeding and had adequate notice of the trial date prior to the entry of his default.

(3) The default was properly entered under rule 5.81.

(4) The factual allegations in the NDC, deemed admitted by the entry of the default, support a finding that Respondent violated a statute, rule or court order that would warrant the imposition of discipline.

(5) Despite adequate notice and opportunity, Respondent failed to appear for the trial of this disciplinary proceeding.

As set forth in the Rules of Procedure of the State Bar, the court recommends his disbarment.

## RECOMMENDATIONS

**Disbarment**

The court recommends that Respondent **Philip James Layfield**, State Bar number 204836, be disbarred from the practice of law in the State of California and that his name be stricken from the roll of attorneys.

**Restitution**

The court also recommends that Respondent be ordered to make restitution to the following payees:

(1) Patricia Casas and Issac Cassas in the amount of $359,942.15 plus 10 percent interest per year from March 30, 2017;

(2) Rodney A. Pimentel in the amount of $742,442.15 plus 10 percent interest per year from June 20, 2017; and

(3) Josephine Nguyen in the amount of $2,314,942.15 plus 10 percent interest per year from June 20, 2017.

Any restitution owed to the Client Security Fund is enforceable as provided in Business and Professions Code section 6140.5, subdivisions (c) and (d).

**California Rules of Court, Rule 9.20**

The court also recommends that Respondent be ordered to comply with the requirements of California Rules of Court, rule 9.20, and to perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, after the effective date of the Supreme Court order in this proceeding.

**Costs**

The court further recommends that costs be awarded to the State Bar in accordance with Business and Professions Code section 6086.10, such costs being enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment.

## ORDER OF INVOLUNTARY INACTIVE ENROLLMENT

In accordance with Business and Professions Code section 6007, subdivision (c)(4), the court orders that **Philip James Layfield**, State Bar number 204836, be involuntarily enrolled as an inactive member of the State Bar of California, effective three calendar days after the service of this decision and order. (Rule 5.111(D).)

Dated: May 17, 2018

Yvette D. Roland
Judge of the State Bar Court

# CERTIFICATE OF SERVICE

[Rules Proc. of State Bar; Rule 5.27(B); Code Civ. Proc., § 1013a(4)]

I am a Court Specialist of the State Bar Court of California. I am over the age of eighteen and not a party to the within proceeding. Pursuant to standard court practice, in the City and County of Los Angeles, on May 18, 2018, I deposited a true copy of the following document(s):

DECISION AND ORDER OF INVOLUNTARY INACTIVE ENROLLMENT

in a sealed envelope for collection and mailing on that date as follows:

☒ by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at Los Angeles, California, addressed as follows:

PHILIP JAMES LAYFIELD
2720 HOMESTEAD RD STE 200
PARK CITY, UT 84098 - 4887

PHILIP JAMES LAYFIELD
382 NE 191ST STREET
SUITE 42308
MIAMI, FL 33179

☒ by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

Eli D. Morgenstern, Enforcement, Los Angeles

I hereby certify that the foregoing is true and correct. Executed in Los Angeles, California, on May 18, 2018.

Angela Carpenter
Court Specialist
State Bar Court